UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIANA MARGARITA PINEDA, a minor by and through her Guardian Ad Litem MERCEDES PINEDA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. 23-cv-06113-JSW<br><br>**ORDER DENYING MOTION TO DISQUALIFY DOWNTOWN L.A. LAW GROUP AS PLAINTIFF'S COUNSEL**<br><br>Re: Dkt. No. 12 |

Now before the Court for consideration is Defendant Costo Wholesale Corporation's ("Costo") motion to disqualify Downtown L.A. Law Group ("DTLA") from representing Plaintiff in this action. The Court has considered the parties' papers, relevant legal authority, and the record in this case and finds the motion can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for February 9, 2024, and it DENIES Costco's motion.

## BACKGROUND

Plaintiff has sued Costco for negligence and premises liability after she slipped and fell in a Costco store located in Hayward, California. (Notice of Removal, Ex. A, Compl. at ECF p. 11.) Plaintiff is represented by DTLA. One of DTLA's attorneys, Anthony Werbin, represented Costco while at his previous firm. Costco asserts that he possesses confidential attorney-client information belonging to Costco that is substantially related to these proceedings and that his conflict must be imputed to DTLA.

Costco attests that Werbin represented Costco on slip and fall matters and developed strategy, communicated with Costco employees and its claims administrator, reviewed

1  confidential and privileged documents, and developed litigation strategy on Costo matters.  ((*See,*
2  *e.g.,* Declaration of Leigh Ann Ruijters ("Ruijters Decl."), ¶¶ 2, 5-7.)  Werbin attests that he "was
3  never provided with any confidential or proprietary information" by Costco during his previous
4  employment.  (Declaration of Anthony Werbin ("Werbin Decl."), ¶ 9.)  Werbin also attests that
5  since he joined DTLA he has worked on one Costco case, which was before DTLA instituted an
6  ethical wall to screen him from any Costco cases.  (*Id.* ¶ 11; *see also* Declaration of Elina
7  Shakhbazyan ("Shakhbazyan Decl.") ¶¶ 5-10.)

8  The Court will address additional facts as necessary in the analysis.

## ANALYSIS

The undersigned previously granted a motion to disqualify DTLA in a similar case against Costco, *Sierra v. Costco Wholesale Corp.*, 630 F. Supp. 3d 1199 (N.D. Cal. 2022).  The Court incorporates by reference the legal standards set forth in that Order.  *Id.* at 1204-05.  In *Sierra,* Costco submitted a declaration from its counsel attesting that she and Mr. Werbin "shared defense strategies and tactics for defendant constructive notice claims asserted against Costco[.]"  *Id.* at 1206.  Although Costco did not submit a similar declaration in this case, apart from the passage of time, the facts about Mr. Werbin's previous representation have not changed.  Accordingly, for the reasons articulated in *Sierra*, the Court concludes there is a substantial relationship between Mr. Werbin's prior relationship of Costco and the current case.  *Id.* at 1205-06.

The Court now turns to whether DTLA has rebutted the presumption of disqualification through its reliance on the screening procedure it has put in place.  "The typical elements of an ethical wall are: [1] physical, geographic, and departmental separation of attorneys; [2] prohibitions against and sanctions for discussing confidential matters; [3] established rules and procedures preventing access to confidential information and files; [4] procedures preventing a disqualified attorney from sharing in the profits from the representation; and [5] continuing education in professional responsibility."  *Kirk v. First Am. Title Ins. Co.*, 183 Cal. App. 4th 776, 810 (2010).

In December 2021, DTLA implemented a change to its software and file management system that prohibits Mr. Werbin from accessing any cases involving Costco.  DTLA also

manages its cases by dividing into teams and cases and files are not shared among the teams. (Shakhbazyan Decl. ¶¶ 7, 10.) In contrast to the facts in *Sierra,* those screening procedures were put in place before this case was filed. *See Sierra*, 630 F. Supp. 3d at 1207. The Court also concludes those screening procedures are sufficient to overcome a presumption of vicarious disqualification.

Accordingly, the Court DENIES Costco's motion. The parties shall appear as scheduled for the initial case management conference on March 15, 2024, and their joint case management conference statement shall be due by March 8, 2024.

**IT IS SO ORDERED**.

Dated: February 2, 2024

_____
JEFFREY S. WHITE
United States District Judge